IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:11-cv-40

ROBIN A. MATO, CHERIE B. MATO )
and MERC INVESTMENT CORP. )
d/b/a WINDOW WORLD OF )
PHILADELPHIA )
 )
      Plaintiffs, )
 )
      v. )
 )
WINDOW WORLD, INC., )
 )
      Defendant. )
_____ )

**ORDER**

**THIS MATTER** is before the Court on Plaintiffs' Motion for Reconsideration (Doc. #23) filed May 17, 2011; and Defendant's Response in Opposition (Doc. #26) filed June 22, 2011. This mater is now ripe for disposition.

**I. BACKGROUND**

This matter involves a dispute over whether a licensee has a contractual right to renew a licensing agreement. The facts in this case are fully set forth in this Court's Order granting the Defendant's Motion to Dismiss (Doc. #21). On April 19, 2011, this Court entered an Order granting Window World, Inc.'s ("Window World") Motion to Dismiss (Doc. #21). In short, this Court held that Plaintiffs did not have a right to renew the Licensing Agreement because Plaintiffs did not provide Defendant with notice of intent to renew within the time period specified in the Licensing Agreement and Defendant did not consent in writing to renewal of the Licensing Agreement. On May 17, 2011, Plaintiffs filed a Motion for Reconsideration (Doc. #23) asking this Court to reconsider its Order dismissing Plaintiffs' claims.

1

## II. LEGAL STANDARD

Pursuant to Rule 59(e), a court may alter or amend its prior judgment for at least three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or prevent manifest injustice. Zinkland v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005). Furthermore, Rule 59(e) permits a court to correct its own errors. Zinkland, 478 F.3d at 637. Motions made under Rule 59(e) may not be used to raise arguments which could have been raised before the judgment was issued or to argue the case under a new legal theory. Pacific Insurance Co. v. American National Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

## III. DISCUSSION

Plaintiffs request this Court reconsider its order dismissing the case because "Plaintiffs believe the Court read Section 2(c) of the Licensing Agreement in a way that is inconsistent with the parties' intent by determining that the Licensing Agreement gave Window World the option to deny renewal even if the Plaintiffs were not in default." Plaintiffs further contend that the Licensing Agreement provided for continuous renewals of the Licensing Agreement for an infinite number of five-year terms unless Plaintiffs are in default. Because Plaintiffs were not in default at the time the Licensing Agreement expired, Plaintiff argues that dismissal of this case was error and that Plaintiffs are entitled to renewal under the Licensing Agreement. Plaintiffs argue that reconsideration of the April 19, 2011 Order is necessary to prevent manifest injustice. This Court disagrees.

Section 2(c) of the Licensing Agreement deals with renewal:

> If [Plaintiffs are] not in any manner in default hereunder, under the conditions set forth herein and with the written consent of [Window World], [Plaintiffs] may renew this Licensing Agreement for successive renewal terms of five (5) years each. [Plaintiffs] must provide [Window World] with written notice of [Plaintiffs'] intention to renew not less than six (6) months nor more than twelve (12) months prior to the expiration of the initial term . . . .

Complaint at ¶ 12; Ex. A (Doc. #1). Plaintiffs contend that the intent of Section 2(c) is to give the Plaintiffs an infinite number of five year renewal options so long as the Plaintiffs are not in default. Plaintiffs' argument fails. First, Plaintiffs are raising a new legal argument that they failed to raise in opposition to Defendant's Motion to Dismiss. See Pacific Insurance, 148 F.3d at 403. Second, the plain language of Section 2(c) conflicts with Plaintiff's contention that they are entitled to an infinite number of renewals so long as they are not in default. See Walton v. City of Raleigh, 467 S.E.2d 410, 411 (N.C. 1996) ("If the plain language of the contract is clear, the intention of the parties is inferred from the words of the contract."); see also Fidelity Bankers Life Ins. Co. v. Dortch, 348 S.E.2d 794, 796 (N.C. 1986). In order for Plaintiffs to renew the Licensing Agreement, Section 2(c) unambiguously requires: (1) Plaintiffs not to be in default; and (2) the written consent of Window World. Moreover, there is no dispute that the Plaintiffs did not provide written notice to Window World of their intention to renew within the specified time period in the Licensing Agreement. Accordingly, this Court did not read Section 2(c) in a manner that is inconsistent with the parties' intent or the plain language of the Licensing Agreement. Therefore, Plaintiffs' Motion for Reconsideration (Doc. #23) is **DENIED.**

## IV. CONCLUSION

Plaintiffs have not shown any basis under Rule 59(e) for the Court to reconsider its Order dismissing their claims. Plaintiffs' arguments in support of their Motion for Reconsideration are new legal theories which Plaintiffs failed to present in Opposition to Defendant's Motion to Dismiss. Moreover, Plaintiffs have not shown that there has been an intervening change in controlling law, that they have new evidence that was not previously available, or that the Court committed a clear error of law or that dismissal of their claims will result in manifest injustice.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. #23) is **DENIED**.

Signed: August 2, 2011

Richard L. Voorhees
United States District Judge